**LONGMONT RETIREMENT RESIDENCE, a limited partnership, and Colson and Colson Construction Co., an Oregon partnership, General Partner, Plaintiffs–Appellants and Cross–Appellees,**

v.

**CITY OF LONGMONT, Longmont City Council, Larry Burkhardt, William G. Swenson, Dan Benavidez, John Caldwell, David Chrisman, Basil Irwin and Thomas McCoy, Defendants–Appellees and Cross–Appellants.**

No. 87CA0124.

Colorado Court of Appeals, Div. III.

Sept. 29, 1988.

Rehearing Denied Nov. 3, 1988.

Certiorari Denied Jan. 23, 1989.

Hecox, Tolley, Keene & Beltz, P.C., Cynthia Mace Dude, Lawrence A. Hecox, Colorado Springs, for plaintiffs-appellants and cross-appellees.

Ralph Josephsohn, City Atty., Brad D. Bailey, Asst. City Atty., Longmont, for defendants-appellees and cross-appellants.

STERNBERG, Judge.

The plaintiffs, Longmont Retirement Residence and Colson & Colson Construction Co., appeal the district court's ruling which interpreted ordinances of the City of Longmont and assessed interest on funds as wrongfully withheld. The City cross-appeals the determination of the accrual date for interest. We reverse the summary judgment in favor of the City and reject its cross-appeal.

Plaintiffs applied to the City for permits to build a retirement facility, consisting of 96 units, a communal kitchen and dining hall, and related amenities. The City advised plaintiffs that sewer and park use fees would be assessed at the residential rate multiplied by the number of units. In the belief that the facility qualified as a commercial use with lower fees, plaintiffs

requested review by the City Council. The Council treated the matter as a request for a fee waiver and denied it. Plaintiffs filed suit and the court granted summary judgment in favor of the City.

Plaintiffs assert the trial court misconstrued the City's ordinances, and therefore, erred in granting summary judgment in favor of the City. We agree.

The dispute in this case is whether the Longmont City Code (Code) which assesses park use fees at the time of issuance of a building permit for each "family residential unit" encompasses the plaintiffs' development.

Although the Code provides for collection of park use fees for each family residential unit, it makes no provision for collection of such fees from a commercial or other development not falling within the family residential unit classification. The City Council interpreted the ordinance in such a way as to encompass plaintiffs' development within the definition of multiple-family residences set out in the Code. However, even the City's chief building official testified that "in the strict sense ... it does not meet our definition of a multiple-family residence but we have no other category to put this in the way the ordinance is structured."

Our reading of the ordinance leads us to a similar conclusion: Plaintiffs' development does not meet the definition of multiple-family residence contained in the Code. A "family residential unit" as defined in § 18.20.160 includes "each dwelling unit of a two-family or multiple-family structure...." Code § 19.04.160 defines "dwelling unit" as one or more rooms in a dwelling designed for or occupied by "one family living and cooking on the premises." And, Code § 19.04.170 defines "family" as "any number of persons living and cooking together on a premises...."

None of the 96 units in plaintiffs' development have individual kitchen facilities. Rather, a common kitchen provides three meals a day for residents in a central dining room served by a central kitchen. In each suite, plans existed to include a small bar sink, a two-cubic foot refrigerator, and cupboards, but cooking in the rooms was limited to the use of toasters and coffeemakers.

The approach of the City and of the district court was to "interpolate" and find a place within the Code to justify levying a multiple park use fee on plaintiffs' development. Such an approach is not proper when construing laws of the type involved here. As stated in *Associated Dry Goods Corp. v. City of Arvada,* 197 Colo. 491, 593 P.2d 1375 (1979):

"[T]he long-standing rule of statutory construction in this state [is] that taxing powers and taxing acts will not be extended beyond the clear import of the language used, *nor will their operation be enlarged by analogy....* All doubts will be construed against the government and in favor of the tax payer...." (emphasis added)

Because of our disposition of this case, it is unnecessary for us to address the matter of interest on the fees deposited pursuant to stipulation.

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of the plaintiffs, including therein an order for refund to them of the funds deposited in the registry of the court.

KELLY, C.J., and TURSI, J., concur.